

FILED

2003 DEC 15  P 2: 50

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TAMMY D. RICHARDSON                  **CIVIL ACTION NO.:**
      **PLAINTIFF**                    **3:00CV1062JCH**

**vs.**                                **At: Bridgeport**

**METROPOLITAN DISTRICT COMMISSION, et al**
        **DEFENDANTS**                **December 12, 2003**

## DEFENDANTS' PRETRIAL MEMORANDUM

### I. TRIAL COUNSEL

    **Plaintiff** .- Paul M. Ngobeni, 914 Main Street, Suite 206, East Hartford,

Connecticut – telephone (860) 289-3155.

    **Defendant** – Anthony J. Palermino, 945 Wethersfield Avenue, Hartford,

Connecticut 06114 – telephone (860) 296-0035.

### II. JURISDICTION

    The Plaintiff raises federal claims under Title VII of the Civil Rights Act, 42

U.S.C. Section 1981, 42 U.S.C. Section 1983, and the Family Medical Leave Act.

### III. JURY

    This case is to be tried to a jury.

### IV. LENGTH OF TRIAL

    The Defendant estimates three (3) days to present its case.  Plaintiff's counsel

indicated that three (3) days would be necessary for Plaintiff's presentation.

-2-

## V.  FURTHER PROCEEDINGS

Several issues need to be resolved prior to trial:

1.  Plaintiff filed for bankruptcy and a trustee was appointed.  At this point Attorney Ngobeni has not been appointed by the trustee and/or bankruptcy court to represent the plaintiff.

2.  Defense counsel plans to file a motion for clarification to determine if all the constructive discharge claims raised by the Plaintiff have been dismissed.

3.  Plaintiff claims punitive damages, which cannot be awarded against a municipality.  All the individual defendants were dismissed from the case.

## VI.  NATURE OF THE CASE

### A.  Claims

The Plaintiff has the following claims remaining after the court rulings on several pretrial motions:

1.  Title VII – Plaintiff alleges discrimination based upon her race, religion, and in retaliation for protected activity.

2.  Section 1981 – Plaintiff alleges discrimination based upon her race.

3.  Section 1983 – Plaintiff alleges sex discrimination and a hostile work environment.

4.  Family Medical Leave Act – The Plaintiff alleges discriminatory treatment by the Defendant because of her assertion of rights under the Family Medical Leave Act.

-3-

**B.  Prior Court Action**

The court entered the following rulings on this case:

1.  **December 17, 2001, JCH ruling on Motion to Dismiss** – claims against the individual defendants were dismissed.

2.  **August 29, 2001, JCH ruling on Motion to Dismiss** – Plaintiff's claims for hostile work environment, constructive discharge, intentional infliction of emotional distress, and sex discrimination were dismissed, with leave to amend the sex discrimination claim under Title VII.

3.  **August 2, 2002, JCH ruling on Motion for Summary Judgment** – Plaintiff's claim for discrimination based on her race and religion, and retaliation under Section 1983 were dismissed.  Her ADA claims were dismissed, and her constructive discharge claim under the FMLA was dismissed.  Her claim for negligent infliction of emotional harm was dismissed.

4.  The Defendant raised the following special defenses:

    1.  Governmental immunity;

    2.  Statute of limitations for the Title VII claim; and

    3.  Failure to mitigate damages.

**C.  Statement of the Case**

The Plaintiff, Tammy Richardson, is a black, African American woman, who is a practicing Jehovah Witness.  The Plaintiff was employed by the Metropolitan District Commission for approximately 3 ½ years.  The Plaintiff was originally hired as a clerk typist in the Treasury Department, and was promoted in October, 1996 to the position of Account Clerk.

-4-

The Plaintiff was involved in a non work related automobile accident and suffered a 22% disability of her lower back. The Plaintiff missed work from September 20, 1997 to December 8, 1997 because of the automobile accident. The Plaintiff also missed work on several occasions in 1998 and 1999 because of her injuries suffered in the accident.

The Plaintiff alleges that she was discriminated against because of her race, religion, sex, and her use of Family Medical Leave. In addition, the Plaintiff alleges she was retaliated against for exercising her rights under federal discrimination laws.

The Plaintiff filed a complaint with the Commission on Human Rights and Opportunities on August 6, 1999.

The Plaintiff took a medical leave of absence on November 3, 1999 for her injuries from the auto accident, and also said she was experiencing job related stress. The Plaintiff resigned her position on December 7, 1999. The Plaintiff had received an offer of employment from NorthEast Utilities on December 2, 1999, and she began work with this new employer on December 13, 1999.

**VII.** The Defendant will not consent to a trial by a magistrate judge.

**VIII. WITNESSES**

A list of witnesses is attached as Exhibit A. The Defendant reserves the right to call additional witnesses for rebuttal and impeachment purposes. The Defendant may also need additional witnesses after the constructive discharge claims are clarified.

-5-

## IX.  DEPOSITION TESTIMONY

The Defendant will not submit any deposition testimony at trial.  However, the Defendant reserves the right to use this evidence for impeachment or cross examination.

## X.  INTERROGATORIES – REQUEST TO ADMIT

Defense counsel will not submit any interrogatories or requests to admit at trial.  However, Defendant reserves the right to use this evidence for impeachment or cross examination.

## XI.  EXHIBITS

A list of Defendant's exhibits is attached as Exhibit B.

## XII.  EVIDENTIARY PROBLEMS

At this time the Defendant does not anticipate any evidentiary problems.

## XIII.  MOTIONS IN LIMINE

The Defendant does not plan to submit any Motions in Limine at this time. However, Defendant reserves the right to file appropriate motions after the receipt of the Plaintiff's pretrial memorandum, and after the constructive discharge claims are clarified.

## XIV.  GLOSSARY

The Defendant does not plan to present any expert testimony.

## XV.  TRIAL TO JURY

### A.  Stipulation of Facts

1. The Plaintiff, Tammy Richardson, is a black, African American woman who is a practicing Jehovah witness.

-6-

2. Plaintiff was hired on February 26, 1996 by the Metropolitan District Commission as a Clerk Typist in the Treasury Department.

3. On or about October 26, 1996, the MDC promoted the Plaintiff to Account Clerk.

4. On September 20, 1997 the Plaintiff was involved in a non work related automobile accident, which resulted in a 22% disability of the lower back.

5. As a result of the accident, Richardson was out from work from September 20, 1997 to December 8, 1997.

6. The Plaintiff took additional leaves of absences in 1998 and 1999 because of the injuries sustained in the accident.

7. In October, 1998, received an evaluation which was unsatisfactory, and her annual increment was withheld.

8. On March 31, 1999, the Plaintiff left work on a medical leave of absence because of her injuries due to the accident.

9. The Plaintiff returned from her medical leave on July 9, 1999.

10. The Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities on August 6, 1999.

11. On November 3, 1999, the Plaintiff took a medical leave of absence for her injuries from the accident and said she was experiencing job related stress.

12. On December 2, 1999, the Plaintiff received an offer of employment from NorthEast Utilities.

13. The Plaintiff resigned her position with the MDC on December 7, 1999.

-7-

14. On December 13, 1999, the Plaintiff began her employment with NorthEast

Utilities.

### B.  Proposed Voir Dire Questions

Defendant's proposed voir dire questions are attached as Exhibit C.

### C.  Proposed Jury Instructions

Defendant's proposed jury instructions are attached as Exhibit D.

### D.  Proposed Jury Interrogatories

Defendant's proposed jury interrogatories are attached as Exhibit E.


DEFENDANTS
METROPOLITAN DISTRICT COMMISSION, et al


BY
ANTHONY J. PALERMINO
Their Attorney
Law Offices of Anthony J. Palermino
945 Wethersfield Avenue
Hartford, Connecticut 06114
(860) 296-0035
ct07517

## **CERTIFICATION**

**I HEREBY CERTIFY** that a copy of the foregoing was mailed, postage prepaid, on the 12th day of December, 2003 to Attorney Paul M. Ngobeni, 914 Main Street, Suite 206, East Hartford, CT 06108.

Anthony J. Palermino

**<u>EXHIBIT A</u>**

**<u>WITNESSES – DEFENDANT</u>**

The following witnesses will definitely be called:

1. **Jeffrey Johnson**, MDC, 555 Main Street, Hartford, CT will testify as to the allegations in the complaint and the working environment and relationship with plaintiff.

2. **Robert Zaik**, MDC, 555 Main Street, Hartford, CT will testify as to MDC policies and the working environment in plaintiff's area.

3. **Donna Szestakow**, MDC, 555 Main Street, Hartford, CT will testify as to matters concerning various allegations made by plaintiff about the MDC working environment.

4. **Kara Garcia**, 555 Main Street, Hartford, CT will testify as to matters concerning various allegations made by plaintiff about the MDC working environment.

5. **Gayle McDonald**, 555 Main Street, Hartford, CT will testify as to matters concerning various allegations made by plaintiff about the MDC working environment.

The following witnesses might be called:

1. **Russell Mannila**, 555 Main Street, Hartford, CT will testify as to matters concerning various allegations made by plaintiff about the MDC working environment.

2. **John McAuliffe**, 555 Main Street, Hartford, CT will testify as to matters concerning various allegations made by plaintiff about the MDC working environment.

3. **Norman LeBlanc**, 555 Main Street, Hartford, CT will testify as to matters concerning various allegations made by plaintiff about the MDC working environment.

## EXHIBIT B

## EXHIBITS – DEFENDANT

1.   Computation – Lost Step Increment
2.   Collective Bargaining Agreement (April 1, 1995 – December 31, 1999)
3.   Letter of Awareness dated May 11, 1998
4.   Written warning dated July 26, 1999
5.   JJ McAuliffe letter dated June 4, 1999
6.   October 1998 performance rating
7.   December 1997 performance rating
8.   March 1997 performance rating
9.   October 1996 performance rating
10. Award letter dated November 1, 1996 (Confirmed regular)
11. Award letter dated September 24, 1996 (Temp. Account Clerk)
12. Employment letter dated February 20, 1996
13. Family Medical Leave Act Packet dated stamped July 8, 1999
14. Grievance No. 99014 with Step III decision
15. Tammy Richardson claim of harassment dated March 26, 1999
16. Donna Szestakow internal complaint investigation dated June 2, 1999
17. Family Medical Leave Act – management directive
18. Letter of resignation dated December 7, 1999
19. Robert J. Zaik letter confirming acceptance of resignation dated December 14, 1999
20. Account Clerk classification specification
21. MDC Sexual Harassment Policy
22. MDC Discrimination Policy
23. North East Utilities files
24. Donna Szestakow investigation and recommendations

## EXHIBIT C - DEFENDANT

## VOIR DIRE QUESTIONS

1. Are you familiar with the Metropolitan District Commission and the services it performs in the greater Hartford area?

2. Have you ever been involved in a discrimination complaint or lawsuit? Has your family or close friend ever been involved in a discrimination complaint or lawsuit?

3. Have you or a family member ever been discharged from a job?

4. Do you believe that a public sector employer should be held to a different standard for work place issues?

**EXHIBIT D**

**JURY INSTRUCTIONS**

**TITLE VII – RACE AND SEX DISCRIMINATION**

Disciplining an employee who is a black female is not illegal if the reason for doing so is unrelated to the employee's race and/or sex. Therefore, the fact that the plaintiff is a black female is not, in and of itself, evidence of discrimination.

If you find that the plaintiff was disciplined because of factors other than her race and/or sex, you must decide in favor of the defendant. Only if you decide that the plaintiff's race and/or sex was a factor that motivated or played a part in the defendant's decision to discipline the plaintiff, can you decide in favor of the plaintiff.

However, even if you decide that the plaintiff's race and/or sex has been shown to have been a factor in the defendant's action, if you also decide that the defendant demonstrated that it would have reached the same decision irrespective of the plaintiff's race and/or sex, then you cannot award damages to the plaintiff.

**Authorities**

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 **(1973);** *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981); *Thornbrough v. Columbus & Greenville Railway Co.,* 760 F.2d 633 (5th Cir.1985); *Elliott v. Group Medical & Surgical Service,* 714 F.2d 556 (5th Cir. 1983), *cert. denied, 467* U.S. 1215 **(1984);** *Kephart v. Institute of Gas Technology,* 630 F.2d 1217 (7th Cir. **1980),** *cert. denied,* 450 U.S. 959 **(1981);** *International Brotherhood of Teamsters,* 431 U.S. 324, 97 S. Ct. 1843, 52 L. Ed. 2d 396 **(1977);** *U.S. Postal Service v. Aikens,* 460 U.S. 711, 103 5. Ct. 1478, 75 L. Ed. 2d 403 (1982).

**TITLE VII – RELIGION**

To prevail, the plaintiff must prove by a preponderance of the evidence what is called a *prima facie* case of religious discrimination.

To establish a *prima facie* case, the plaintiff must prove each of the following elements by a preponderance of the evidence:

(1) She holds a sincere religious belief that conflicts with an employment requirement,

(2) She has informed the employer about the conflict, and

(3) She was discharged or disciplined for failing to comply with the conflicting employment requirement.

**Authorities**

*See EEOC v. Hacienda Hotel,* 881 F.2d 1504, 1512 (9th Cir. 1989); *Smith v. Pyro Mining Co.,* 827 F.2d 1081 (6th Cir. 1987), *cert. denied,* 485 U.S. 989, 108 5. Ct. 1293 **(1988);** *Johnson v. Angelica Uniform Group, Inc.,* 762 F.2d 671, *673* (8th Cir. 1985); *Turpen v. Missouri-Kansas-Texas R.R. Co.,* 736 E2d 1022, 1026 (5th Cir. 1984); *Anderson v. General Dynamics Convair Aerospace Division,* 589 F.2d 397, 401 (9th Cir. 1978), *cert. denied,* 442 U.S. 921 (1979); *Toledo v. Nobel-Sysco, Inc.,* 892 F.2d 1481, 1486 (10th Cir. 1989), *cert. denied,* 495 U.s. 948 (1990). *See also Byrd v. Johnson,* 31 F.E.P. 1651 (D.D.C. 1983) (plaintiff failed to establish a *prima facie* case of religious discrimination where he had not communicated his bona fide religious belief to his employer).

## SECTION 1981

In this case, the plaintiff must prove by a preponderance of the evidence that her race was a determining factor - or a factor that made a difference in the defendant's decision to discipline the plaintiff. This means that the evidence must show that, but for the plaintiff's race, the plaintiff would not have been disciplined. The phrase "determining factor" does not mean that it was the only motivation for the defendant's decision to discipline the plaintiff. However, it must have been a factor that actually led to the decision.

You must also consider any legitimate, nondiscriminatory reason or explanation stated by the defendant for its decision. If you determine that the defendant has stated such a reason, then you must decide in favor of the defendant unless the plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but is only a pretext or excuse for discriminating against the plaintiff because of her race.

## Authorities
McDonnell Douglas Corp. v. Green, 411 U.S. 792, 935. Ct. 1817, 36 L. Ed. 2d 668 (1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 5. Ct. 1089, 67 L. Ed. 2d 207 (1981); Price Waterhouse v. Hopkins, 490 U.S. 228, 109 5. Ct. 1775, 104 L. Ed. 2d 268 (1989); Hagelthorn v. Kennecott Corp.,

710 F.2d 76 (2d Cir. 1983); Bentley v. Stromberg-Carlson Corp., 638 F.2d 9 (2d Cir. 1981).

**42 U.S.C. § 1983**

A federal statute, title 42 of the United States Code, section 1983, authorizes money damages against any person or persons who, under color of state law, deprive an individual of any constitutional rights. In order for the plaintiff to show entitlement to money damages under section 1983, she must prove each of the following by a preponderance of the evidence:

First, that the Metropolitan District Commission, through a policymaker, committed acts that violated the plaintiff's federal constitutional right to the equal protection of the laws.

**EQUAL PROTECTION**

The equal protection clause of the Fourteenth Amendment provides that "no state shall deny any person within its jurisdiction the equal protection of the laws." In other words, state officials must treat equally persons who are similarly situated, unless the unequal treatment bears some rational relationship to a legitimate government purpose. To show an equal protection violation, the plaintiff must prove, by a preponderance of the evidence, the following:

1.  that the Metropolitan District Commission's actions constituted an uneven or selective application of the rules governing employment with the Metropolitan District Commission;

2.  that the plaintiff was subjected to such selected treatment as compared to other employees similarly situated;

3.  that such selective treatment was based on malicious or bad faith intent toward the plaintiff, or was purposeful or intentional discrimination based on gender; and

4.  that such treatment had no legitimate relationship to a rational state interest.

## FAMILY MEDICAL LEAVE

In order to prevail in her family medical leave claim, the plaintiff must show by a preponderance of the evidence:

1. the plaintiff engaged in a protected activity;

2. the employer took adverse action against the employee;

3. there is a casual connection between the employee's protected activity and the employer's adverse employment action.

## Authorities

King v. Preferred Technical Group, 166 F. 3d 887 (7th Cir. 1999)

**EXHIBIT E**

**VERDICT FORM**

**I.      Title VII – Race**

Has the Plaintiff, Tammy Richardson, proven by a preponderance of the evidence, that she was discriminated against during her employment with the MDC because of her race?

**II.      Title VII – Religion**

Has the Plaintiff, Tammy Richardson, proven by a preponderance of the evidence, that she was discriminated against during her employment with the MDC because of her religion?

**III.  Title VII - Retaliation**

Has the Plaintiff, Tammy Richardson, proven by a preponderance of the evidence, that she was retaliated against by the MDC for the exercise of her rights under Title VII?

**IV.  42 U.S.C. Section 1981**

Has the Plaintiff, Tammy Richardson, proven by a preponderance of the evidence that she was discriminated against during her employment with the MDC because of her race?

**V.  42 U.S.C. Section 1983 – Equal Protection**

Has the Plaintiff, Tammy Richardson, proven by a preponderance of the evidence that the MDC policymaker discriminated against her because of her sex?

## VI.  Family Medical Leave Act

Has the Plaintiff, Tammy Richardson, proven by a preponderance of the evidence that she was discriminated against during her employment with the MDC because of the exercise of her rights under the Family Medical Leave Act?