**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____

| | | |
|---|---|---|
| **TAMMY RICHARDSON** | ) | |
| **Plaintiff** | ) | **Civil Action No.** |
| **vs.** | ) | **3:00 CV 1062(JCH)** |
| **METROPOLITAN DISTRICT** | ) | |
| **COMMISSION, HARTFORD.** | ) | |
| **Defendant** | ) | |
| | ) | **DECEMBER 15, 2003.** |

_____

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**A.    TITLE VII CLAIMS:**

**Proposed Instruction No. 1.**

The plaintiff has also brought her claim under Title VII of the Civil Rights Act.    Title VII protect against discrimination with respect to the "terms" and "conditions" of employment. 42 U.S.C. § 2000e-2(a)(1). Under Title VII of the Civil Rights Act of 1964, "[i]t shall be an unlawful employment practice for an employer ...

> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual  with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion or sex, ...
>
> to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color,religion ..or sex"   42 U.S.C. § 2000e-2.

This federal law means that an employer cannot discriminate on the basis of race, religion or sex against the plaintiff in her terms and conditions of

employment, which includes any denial of promotion, disciplinary actions, and termination of employment.    An employer may not intentionally deny pay raises, discipline, demote or otherwise take adverse employment action against plaintiff she is black, a female or a practicing Jehovah's Witness.


### Authorities

Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253-54
    (1981).
St. Mary's Honor Center v. Hicks, 509 U.S. 502, 505-512 (1993).
Furnco Construction Corp v. Waters, 438 U.S. 567, 577 (1978).
Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994).
De la Cruz v. New York City Human Resources Admin., 82 F.3d 16, 20
(2d Cir.1996)(quoting Powell v. Syracuse University, 580 F.2d 1150,
1155 (2d Cir.) cert denied, 439 U.S. 984 (1978).
Owens v. New York City Housing Authority, 934 F.2d 405, 409 (2d Cir.),
cert.denied, 502 U.S. 964 (1991).
Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219,
1224 (2d Cir.1994);
Ramseur v. Chase Manhattan Bank, 865 F. 2d 460,   465 (2nd Cir. 1989)


### Proposed Instruction No. 2.

Plaintiff claims that the Metropolitan District Commission violated the provisions of Title VII of the Civil Rights Act of 1964 by intentionally discriminating against plaintiff on the basis of her race, color and religion, namely, through one or more of the following acts: forcing her to quit her job;  by harassing her; by failing to take steps reasonable calculated to stop the harassment; by subjecting her to a hostile, offensive and abusive work environment; by denying her equal pay, raises and employment opportunities it afforded  to similarly situated employees and those who were not practicing the plaintiff's religion; by suspending her for observance of her religious holiday

and otherwise discriminating against plaintiff in the terms and conditions of her employment.

It is the plaintiff's burden to persuade you by a preponderance of the evidence that she suffered the adverse employment action because because of race, religion or sex. Cabrera v. Jakabovitz, 24 F.3d 372, 382 (2d Cir.1994). At all times, the plaintiff bears the ultimate burden of proving that discrimination (here race, religion or sex) was a determinative factor in the adverse employment decision.  See generally St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The dispositive fact that you must decide is whether Ms. Richardson  has proven by a preponderance of the evidence that her race or sex was a determining factor in the MDC's decision adverse action against her.

Ms. Richardson needs not prove that her race, religion or sex was the sole or exclusive reason for the MDC's adverse action against her.

Plaintiff is not required to produce direct evidence of intentional discrimination.   Intent ordinarily may not be proven directly, because there is no way of fathoming or scrutinizing the operations of the human mind.   But you may infer a person's intent from surrounding circumstances.  You may consider any statement made or act done or omitted by a party whose intent is at issue, and all other facts and circumstances which indicate his state of mind.

 To meet the burden of persuasion under Title VII, the plaintiff does not have to prove that she was better qualified than any of the successful applicants for the vacant civil engineer position. Patterson v. Maclean Credit Union, 109 S.Ct. 2363(1989).

In order to demonstrate that defendant's claim to have promoted a better

qualified applicant was pretextual, plaintiff is not required to show that she was in fact better qualified than the person chosen for the position. Patterson v. Maclean Credit Union, 109 S.Ct. 2363(1989).  There are certainly other ways in which plaintiff could seek to prove that defendant's reasons were pretextual. Thus, for example, plaintiff could seek to persuade you that defendant had not offered the true reason for its promotion decision by presenting evidence of respondent's past treatment of plaintiff, including the instances of the racial or sex harassment which she alleges, defendant's alleged retaliatory actions, statements by the employer which reveal hostility towards black or female employees, The first consists of suspicious timing, ambiguous statements oral or written, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn.  McDonnell Douglas Corp. v Green (1973) 411 US 792, 36 L Ed 2d 668, 93 S Ct 1817, Texas Dep't of Community Affairs v Burdine (1981) 450 US 248, 67 L Ed 2d 207, 101 S Ct 1089.

You may consider evidence that that similarly situated employees or applicants, who are not members of a plaintiff's protected group, were treated more favorably under comparable circumstances, McDonald v Santa Fe Trail Transp. Co. (1976) 427 US 273, 49 L Ed 2d 493, 96 S Ct 2574. You may also consider evidence that the employer deviated from its established rules or procedures in dealing with the plaintiff, such as not hiring employees through the job posting process or bypassing normal progressive disciplinary procedures. Brown v A. J. Gerrard Mfg. Co. 643 F2d 273, (5th Cir.1981); Lindsey v Angelica Corp. 508 F Supp 363, (E.D.Mo.1981).  Pretext may be demonstrated by direct evidence of discriminatory statements, attributable to the employer,

which demonstrate unlawful animus, or by a showing that the decision was subjectively made by an agent of the employer who has demonstrated discriminatory tendencies.

You may therefore consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of his acts knowingly done or knowingly omitted.

A discriminatory intent can be inferred from the mere fact of differences in treatment of blacks and whites or men and women in similar circumstances. It is for you to decide what facts have been established by the evidence.

If you find that the defendant intentionally discriminated against the plaintiff because of her race, religion or and sex, then you must find for the plaintiff and award her reinstatement her position with full seniority and full back pay.

Authorities
Furnco Construction Corp v. Waters, 438 U.S. 567, 577 (1978).
Texas Dep't of Community Affairs v Burdine 450 US 248, (1981).

**Proposed Instruction No.3 - Standard of Proof**

The standard of proof in a claim raised under Title VII of the Civil Rights Act of 1964 is by a preponderance of the evidence.

**Authorities:**
*McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973);
*Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

**Proposed Instruction No.4 "Adverse Employment Action"**

An adverse employment action is one that results in discrimination against an individual with respect to her compensation, terms, conditions or privileges of employment or that limits, segregates, or classifies employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect her status as an employee.

**Authorities:**
Title VII of the Civil Rights Act of 1964, as amended, § 703(a),
42 U.S.C. § 2000e-2(a) (1997).

**Proposed Instruction No.5  "Constructive Discharge"**

An employee is constructively discharged, and thus suffers an adverse employment action under Title VII, if a reasonable person under the same or similar circumstances would consider the working conditions to be so intolerable as to be compelled to resign.

**Authorities:**
*Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994).

**Proposed Instruction No.6       -   Retaliation**

An employer may not discriminate against any of its employees or applicants for employment because such individual has opposed any practice made unlawful by Title VII, or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or litigation under Title VII.  The plaintiff must show: she engaged in statutorily protected activity, she suffered an adverse employment action, and a causal link existed between the protected activity and the adverse action.

**Proposed Instruction No.7  Protected Activity**

Title VII provides that an employer may not discriminate against an employee
on the basis that the employee "has opposed any practice made an unlawful
employment practice," or "participated in a proceeding under Title VII."

**Proposed Instruction No.8  "Adverse Action"**

Generally, a demotion, salary decrease, undesirable reassignment or
termination constitutes an adverse employment action.  However, retaliatory
conduct may consist of action "less severe than outright discharge."

**Authorities:**
*Kim v. Nash Finch Co.*, 123 F.3d 1046, 1060 (8th Cir. 1997).

**Proposed Instruction No.  9 - Causation**

To succeed on claims of retaliatory discharge and retaliatory harassment,
Plaintiff must establish the basic fact that she was subjected to an adverse
employment action because of  her protected activity.  At a minimum, there
must be competent evidence that the alleged retaliators knew of Plaintiff's
protected activity and that a retaliatory motive played a part in the adverse
employment actions alleged.

**Authorities:**
*Lewis v. Gillette Co.*, 22 F.3d 22, 24 (1st Cir. 1994).

**Proposed Instruction No. 10  - Damages**

If you find that Defendant has intentionally engaged in or is intentionally engaging in an unlawful employment practice under Title VII, you may award back pay, payable by the employer responsible for the unlawful employment practice.  In addition, if you find intentional discrimination by Defendant, you may award compensatory damages to Plaintiff.

If you find that Defendant engaged in intentional discrimination against Plaintiff, back pay liability under Title VII begins no earlier than two years before Plaintiff filed her charge with the Equal Employment Opportunity Commission and CCHRO.

**Authority:**
Title VII of the Civil Rights Act of 1964, as amended,  § 706(g)(1),
42 U.S.C.§ 2000e-5(g)(1) (1998);
Civil Rights Act of 1991, § 1977A, 42 U.S.C. §1981a (1998).

**Proposed Instruction No.11**

If you find that Defendant engaged in intentional discrimination or retaliation, you may award Plaintiff compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." However, compensatory damages shall not include back pay, interest on back pay, or any other type of relief authorized under § 706(g) of the Civil Rights Act of 1964.

**Authorities:**
Civil Rights Act of 1991, §§ 1977A(b)(2) and 1977A(b)(3), 42 U.S.C. §§ 1981a(b)(2) and 1981a(b)(3) (1998), respectively.

**B.    SECTION 1981 CLAIMS**

**Proposed Instruction No.12 – § 1981**

Plaintiff's claim for recovery under Section 1981 is based upon a federal statute, which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens.  This law entitles a person of color to equal opportunity and treatment in employment.  Thus, when an employer acts adversely against a person of color because of that person's race, the law has been violated and the person of color may file suit and recover damages.

To recover on her claim against Defendant, Plaintiff must prove the following elements by a preponderance of the evidence:

       1.  Defendant intentionally discriminated against Plaintiff; and

       2.  as a direct result of such discrimination, Plaintiff sustained damages.

      **Authorities:**
42 U.S.C. § 1981(a) (1997); Devitt & Blackmar,
*Federal Jury Practice & Instructions*, § 104.01 (1987 & Supp. 1998).

**Proposed Instruction No.13 - § 1981 Actual Damages**

If you find in favor of plaintiff under instruction no. 12, then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate her for damages you find she sustained as a direct result of defendant's conduct as described in Instruction no.12. Damages include wages or fringe benefits you find plaintiff would have earned

in her employment with defendant if she had not been denied pay raises, suspended, and discharged etc., minus the amount of earnings and benefits from other employment received by plaintiff during that time.

Remember, throughout your deliberations, you must not engage in any speculations, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

**Authorities:**
*Model Jury Instructions (Civil) Eighth Circuit* § 5.22 (1999).

## Proposed Instruction No.14 - §1981- Nominal Damages

If you find in favor of plaintiff under Instruction no. 12, but you find that plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of One Dollar ($1.00).

**Authorities:**
*Model Jury Instructions (Civil) Eighth Circuit* § 5.23 (1999).
<u>*Goodwin v. Circuit Court of St. Louis County,*</u> 729 F.2d 541, 548 (8th Cir. 1984).

## Proposed Instruction No. 15- §1981- Punitive Damages

In addition to actual damages, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of plaintiff and against defendant MDC, and if you find by the preponderance of the evidence that plaintiff's firing was motivated by evil motive or intent or that defendant was callously indifferent to plaintiff's rights, then, in addition to any other damages to which you find plaintiff entitled, you

may, but are not required to, award plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendant or deter the defendant and others from like conduct in the future.  Whether to award plaintiff punitive damages and the amount of those damages are within your sound discretion.

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages.  If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

**Authorities:**
*Model Jury Instructions (Civil) Eighth Circuit* § 5.24 (1999).
*Patterson v. McLean Credit Union,* 491 U.S. 164, 182 n.4 (1989);
*Wilmington v. J.I. Case Co.,* 793 F.2d 909, 921-22 (8th Cir. 1986).


**C.    EQUAL PROTECTION (§1983 SEX DISCRIMINATION CLAIM)**
**Proposed Instruction No.  16-**

Your verdict must be for plaintiff [and against defendant MDC] on plaintiff's sex discrimination claim if all of the following elements have been proved by the preponderance of the evidence:

*First,* defendant forced Ms. Richardson to quit her job;  harassed her; failed to take steps reasonable calculated to stop the harassment; subjected her to a hostile, offensive and abusive work environment; denied her equal pay, raises and employment opportunities it afforded  to similarly situated employees and those who had not complained of sex discrimination or harassment; subjected her to disciplinary actions and otherwise discriminated against plaintiff in the terms and conditions of her employment.

*Second,* plaintiff's sex or gender was a motivating factor in defendant's decision; and

*Third,* defendant was acting under color of state law.

However, your verdict must be for defendant if any of the above elements has not been proved by the preponderance of the evidence, or if it has been proved by the preponderance of the evidence that defendant would have taken all the adverse employment action against plaintiff regardless of her race.

**Authority**
*Model Jury Instructions (Civil) Eighth Circuit* § 5.31 (1999).
<u>Washington v. Davis,</u> 426 U.S. 229, 240 (1976);
<u>Tyler v. Hot Springs School Dist. No. 6,</u> 827 F.2d 1227, 1230-31 (8th Cir. 1987);
*Estes v. Dick Smith Ford, Inc.,* 856 F.2d 1097, 1101 (8th Cir. 1988);
*Mt. Healthy City School Dist. v. Doyle,* 429 U.S. 274, 287 (1977)


**Proposed Instruction No. 17- Actual Damages- §1983**


If you find in favor of plaintiff under Instruction her Section 1983 claim, then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate plaintiff for any actual damages you find plaintiff sustained as a direct result of defendant's conduct. Actual damages include any wages or fringe benefits you find plaintiff would have earned in her employment with defendant if she had not been discharged, *minus* the amount of earnings and benefits from other employment received by plaintiff during that time. Because § 1983 damages are not limited to back pay, a prevailing plaintiff is also allowed the recovery of general damages for pain, suffering, humiliation, and the like.

You are also instructed that plaintiff has a duty under the law to "mitigate" her damages - that is, to exercise reasonable diligence under the circumstances to minimize his damages.  Therefore, if you find by the preponderance of the evidence that plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce his damages by the amount he reasonably could have avoided if she had sought out or taken advantage of such an opportunity,  Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

**Authority**

*Model Jury Instructions (Civil) Eighth Circuit* § 5.32 (1999).

**Proposed Instruction No.  18-  Nominal Damages -§1983**

If you find in favor of plaintiff under Instruction NO. 16, but find that plaintiff's damages have no monetary value, then you must return a verdict for plaintiff in the nominal amount of One Dollar ($1.00).

**Authority**

 *Goodwin v. Circuit Court of St. Louis County,* 729 F.2d 541, 542-43, 548 (8th Cir. 1984).

**Proposed Instruction No.  19-  Punitive Damages - §1983**

In addition to actual damages, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an

example or warning to others not to engage in such conduct.

If you find in favor of plaintiff and against defendant MDC, and if you find by the

preponderance of the evidence that plaintiff's firing or adverse action was

motivated by evil motive or interest, or that defendant was callously indifferent to

plaintiff's rights, then, in addition to any damages to which you find plaintiff

entitled, you may, but are not required to, award plaintiff an additional amount

as punitive damages if you find it is appropriate to punish the defendant or

deter the defendant and others from like conduct in the future.  Whether to

award plaintiff punitive damages and the amount of those damages are within

your discretion.

You may assess punitive damages against any or all defendants or you may

refuse to impose punitive damages.  If punitive damages are assessed

against more than one defendant, the amounts assessed such defendants

may be the same or they may be different.

**Authority**

*Smith v. Wade,* 461 U.S. 30 (1983);
*City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981) (Public entities, such
as cities cannot be sued for punitive damages under section 1983 unless
certain exceptions are met).

**Proposed Instruction No.  20-  "Under Color of Law"**

Acts are done under color of law when a person acts or purports to act in the

performance of official duties under any state, county, or municipal law,

ordinance, or regulation. The parties have stipulated that/ and the Court has

found that Defendant Johnson and MDC acted under color of law.

<u>Authority</u>
*Model Jury Instructions (Civil) Ninth Circuit* 11.1.1 (1997).
*Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978).


**<u>Proposed Instruction No. 21- Statements Made in the Workplace</u>**

A plaintiff under Section 1983 may prove discriminatory animus, either

directly or indirectly, by offering evidence of remarks that are:

1. sex or gender-related;

2. proximate in time to the employment decision at issue;

3. made by an individual with authority over the employment decision at

issue; and

4. related to the employment decision at issue.


<u>Authority</u>:
*Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 434 (5th Cir. 1995).


**<u>Proposed Instruction No. 22</u>  Vicarious Liability for Harassment**

If you find that Plaintiff was sexually harassed by Johnson her supervisor

you must then determine whether the employer is liable. Whether the employer

is liable may depend on whether a tangible employment action was, in fact,

taken against Plaintiff.

As already defined, a "tangible employment action" is a significant

change in the employment relationship, such as firing, denial of a raise, bonus,

promotion, overtime pay, or holiday pay, demotion, undesirable reassignment,

substantial changes in the work schedule, or a decision causing a significant

change in benefits.

Here, Plaintiff alleges that such employment actions were taken against

her because of gender discrimination and her response to harassment.

**Authority**
*Meritor Savings Bank v. Vinson*, 477 U.S. 57 (1986);
*Faragher v. City of Boca Raton,* 118 S. Ct. 2275 (1998);
*Burlington Industries, Inc. v. Ellerth,* 118 S. Ct. 2257 (1998).

**Proposed Instruction No. 23  "Retaliation"**

     Retaliation is the imposition of a job-related detriment or withholding of a job-related benefit by the employer, or by coworkers with the acquiescence of the employer, as a result of the employee's protest about sex discrimination or sexual harassment or the employee's resort to corrective mechanisms provided by the employer or governmental agencies.

     **Authority:**
*Knox v. State of Ind.*, 93 F.3d 1327, 1332 (7th Cir. 1996).

**Proposed Instruction No. 24-  Essential Elements**

     Under Section 1983, it is unlawful for an employer to discriminate against any employee because that employee has opposed what she believed to have been sex discrimination by an employer, or because the employee filed a charge of sex discrimination or testified, assisted, or participated in any manner in an investigation.

In order for Plaintiff to prevail on her claim of retaliation, she has to prove three things:

1. She was engaged in a protected activity;

2. She suffered an adverse employment action; and

3.  Defendant acted out of a retaliatory motive in taking the adverse employment action.

"Protected activity" is an employee's conduct in opposing a discriminatory practice, making a charge of discrimination or testifying, or assisting or participating in any manner in an investigation.

"Adverse employment action" includes discharge, demotion, refusal to hire, refusal to promote, discipline or a reprimand.

Plaintiff must demonstrate by a preponderance of the evidence that   the employer acted because the complaint or complaints were about sex discrimination.


**Authority**:
 *Provencher v. CVS Pharm*., Nos. 97-1711, 97-1732 (1st Cir. May 26, 1998) 1998 U.S. App. Lexis 10480;
*Mattern v. Eastman Kodak Co*., 104 F.3d 702 (5th Cir. 1997);
*Reed v. A.W. Lawrence & Co*., 889 F. Supp. 594 (N.D.N.Y. 1995);


**Proposed Instruction No.  25-  Reasonable Basis for Belief is Sufficient**

Title VII prohibits a company from retaliating against a plaintiff because that plaintiff has filed charges or complaints of discrimination. It does not matter that Defendant is not actually found liable for discrimination; Plaintiff need only have a reasonable basis for believing that Defendant's conduct was discriminatory.


**Authority**
 42 U.S.C. § 2000e-3(a).




**D.   FAMILY MEIDCAL LEAVE CLAIM**

**Proposed Instruction No.  26 "Eligible Employee" Defined**


The term "eligible employee" means an employee who has been employed:

(1)    for at least 12 months by the employer with respect to whom leave is
         request;

(2)    for at least 1,250 hours of service with such employer during the
         previous 12-month period; and

(3)    at worksite at which the employer employs 50 or more employees within
         75 miles of the worksite.


  **Authority**
  29 U.S.C. § 2611(2)(A)-(B).

**Proposed Instruction No.  27 "Serious Health Condition" Defined**


The term "serious health condition" means an illness, injury, impairment, or

physical or mental condition that involves:

(1)    Inpatient care in a hospital, hospice, or residential medical care facility;
         or

(2)    Continuing treatment by a health care provider.

Continuing treatment by a health care provider may include any period of

incapacity due to pregnancy or prenatal care, any period of incapacity or

treatment for such incapacity due to a chronic serious health condition, a

permanent or long-term period of incapacity due to a condition for which

treatment may not be effective, and/or any period of absence for the purpose of

receiving multiple treatments.

 **Authority**
 29 U.S.C. § 2611(11); C.F.R. § 825.114(a)(2)(ii)-(v).
 *Keys v. Joseph Beth Booksellers, Inc.,* No. 97-6511, 1999 U.S. App. LEXIS 1581, *7(6th Cir. Feb. 1, 1999) (unpublished);
 *Freeman v. Foley,* No. 95 **C** 0209, 1996 U.S. Dist. LEXIS 3695, *16(E.D. Ill. March 26, 1996) (magistrate's report).

## Proposed Instruction No.  28- Elements of a *FMLA CLAIM*

The FMLA makes it unlawful for Defendant to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided. Plaintiff has alleged that she was deprived of a substantive guarantee under the FMLA.  She must therefore demonstrate by a preponderance of the evidence that she was entitled to the right that was allegedly deprived.

 **Authority**
*Rice v. Sunrise Express, Inc.* Nos. 97-3982 and 98-2195, 2000 U.S. App. LEXIS 6295, *22 (7th Cir. April 7, 2000);
*King v. Preferred Tech. Co.,* 166 F.3d 887, 891 (7th Cir. 1999).

## Proposed Instruction No.  29- Intent Not an Issue

The fact that the defendant had no specific intent or purpose to deprive the plaintiff of his/her rights under the FMLA will not absolve the defendant from liability if the defendant in fact deprived the Plaintiff of those rights.

 **Authority**
*Freeman v. Foley,* No. 95 C 0209, 1996 U.S. Dist. LEXIS 3695, *19 (E.D. Ill. March 27, 1996) (magistrate's report).
 *Hodgens v. General Dynamics Corp.,* 133 F.3d 151 (1st Cir. 1998), ( "Because the issue is the right to an entitlement, the employee is due the benefit if the statutory requirements are satisfied, regardless of the intent of the employer.")

**Proposed Instruction No.  30-  Plaintiff's Burden**

Plaintiff has alleged a deprivation of the FMLA's substantive guarantees.

Plaintiff must demonstrate, by a preponderance of the evidence, that he/she

was entitled to the disputed leave.


 **Authority**
*King v. Preferred Technical Group,* 166 F.3d 887, 891 (7th Cir. 1999).
*Rice v. Sunrise Express, Inc.,* Nos. 97-3982 & 98-2195, 2000 U.S. App LEXIS
6295 (7th Cir. April 7, 2000),
*Watkins v. J & S Oil Co., Inc.,* 164 F.3d 55, 60-61 (1st Cir. 1998).




**Proposed Instruction No.  31- Intermittent Leave for a Serious Health
Condition**
        Plaintiff may take FMLA leave intermittently or on a reduced schedule

basis to care for his/her own serious health condition or that of a spouse, son,

daughter, or parent when it is medically necessary.


 **Authority**
 29 U.S.C. § 2612(b)(1).




**Proposed Instruction No.  32- Retaliation**

        Ms. Richardson  claims  that  Defendant  MDC  discriminated  against  her

by  using  her  taking  of  FMLA  leave  as  a  negative  factor  in  promotions,  pay

increases,  evaluations,  or  other  employment  actions.     This  lawsuit  is  also

brought for violation of 29 U.S.C. §2615 which provides that:

          It shall be unlawful for any employer to interfere with, restrain, or
          deny the exercise of or the attempt to exercise rights under the
          FMLA, or to discharge or discriminate in any other manner against
          any individual for opposing any practice made unlawful by the

FMLA leave requirements. (29 USCS § 2615(a)).

The bar against 'discrimination' prohibits an employer from, for example; using the taking of FMLA leave as a negative factor in promotions, disciplinary actions, or other employment actions, or by counting such leave in 'no fault' attendance policies. (29 CFR § 825.220(c)).  Plaintiff claims that the MDC improperly used Ms. Richardson's serious medical condition and requested leave under the Act as a means to give her a poor evaluation and to deny Ms. Richardson's pay increases in 1998 and 1999.        Defendants have not seriously disputed that Ms. Tammy Richardson had a serious health condition for which leave under the Act was available.

The Act requires the employee to give the employer notice of the date that the leave is to begin where the need for such leave is foreseeable.  29 U.S.C. § 2612(e).  *See also,* 29 C.F.R. §825.302(a) (1998).  If the employee is unable to give advance notice, the Act requires that "the employee shall provide such notice as is practicable."  29 U.S.C. §2612(e)(2)(B).   Ordinarily, this means "at least verbal notification to the employer within *one or two business days of when the need for leave becomes known to the employee*."  29 C.F.R. §§825.302(b)(1999).  *See also*, 29 C.F.R. §825.303(a)(1999).

The employee requests leave by providing "at least a verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave, and the anticipated timing and duration of the leave.":  29 C.F.R. § 825.302(c)(1998).  Specific terminology or forms are not required for this notice.  It is not necessary to expressly assert rights under the Act or to even mention the Act.  *Id*.  The employee usually notifies the employer in person or by telephone, although notice may be given by a spouse if the employee is unable to do so personally.  29 C.F.R.  825.3030(b) (1998).

If the employer needs further information, it is expected to obtain such information through informal means.  29 C.F.R. §§ 825.302(c) and 825.303(b) (1998).  The employer may request certification issued by the treating health care provider to support the employee's request for leave.  29 U.S.C. § 2613; 29 C.F.R. § 825.305 (1998).  In the event the employer requests such certification, however, it must advise the employee at that time of the anticipated consequences if the employee fails to provide adequate certification.  29 C.F.R. §§ 825.301(c) and 825.305(c)(1998).  In addition, when an employer considers a certification incomplete, it must notify the employee and allow her an opportunity to cure the deficiency.  29 C.F.R. § 825.305 (c).

Plaintiff claims that the defendants' actions constituted "interference" with plaintiff's rights under the Act.   Interference includes not only refusing to authorize an FMLA leave, but also discouraging an employee from using it.   In addition, it includes manipulations to avoid FMLA responsibilities.   29 CFR § 825.220(b).  It is also a prohibited act to try to discourage an employee from using FMLA leave on an intermittent or reduced schedule basis.  29 CFR §825.204(d).   The bar against 'discrimination' also prohibits an employer from, for example: (1) requiring written notice or certification for a paid FMLA leave even though the employer does not normally require these for a paid leave.

If a serious health condition requires treatment by a health care provider periodically, rather than for one continuous period of time, intermittent leave may be taken. This could leave periods of from one hour or more to several weeks, such as leave for medical appointments or leave taken over several days at a time spread out over six months for chemotherapy. 29 CFR § 825.203(c)(1).  If an employee requests intermittent leave or leave on a reduced leave schedule, and the leave is foreseeable based on planned medical

treatment.

### Proposed Instruction No. 33- Damages Available

In this case, Plaintiff is seeking money damages. It is Plaintiff's burden to prove by a preponderance of the evidence that she actually suffered damages and that such damages were directly caused by Defendant.

If you find for Plaintiff, then you must award her such sum as you determine by a fair preponderance of the evidence that Plaintiff incurred as a direct result of Defendant's violation. The FMLA limits Plaintiff's recovery to an amount equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to her by reason of the violation.

### Authority
*Tolan v. Levi Strauss & Co.,* 867 F.2d 467 470 (8th Cir. 1989).


**PLAINTIFF**

_____  _____
Paul M. Ngobeni
**LAW OFFICES OF PAUL M. NGOBENI**
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone (860) 289-3155
Facsimile (860) 282-7479

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing was mailed first-class on December 28, 2003  to:

ANTHONY PALERMINO
945 Wethersfield Ave.
Hartford, CT. 06114


-------------------------------------------------------
Paul M. Ngobeni