FILED

2004 JAN 12 P 12: 57

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TAMMY D. RICHARDSON
PLAINTIFF

CIVIL ACTION NO.:
3:00CV1062JCH

vs.

At: Bridgeport

METROPOLITAN DISTRICT COMMISSION, et al
DEFENDANTS

January 9, 2004

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS

### I. INTRODUCTION

The Defendant, Metropolitan District Commission, moves to stay the proceedings until the approval of the Bankruptcy Court of a settlement offer. The MDC submitted an offer to Attorney Neal Ossen, Bankruptcy Trustee, see attached letter dated December 24, 2003, Exhibit A. The Plaintiff filed for bankruptcy, and her lawsuit is part of the bankruptcy estate.

This case is scheduled for pretrial with Magistrate Fitzsimmons on January 28, 2004. The case is scheduled for trial on February 4, 2004. At this point, in the interest of judicial economy and to protect the rights of the Plaintiff's creditors, the Defendant requests a stay of the proceedings until the Bankruptcy Court has an opportunity to act.

-2-

## II. ARGUMENT
### A. The Plaintiff's Lawsuit Is Now Part Of The Bankruptcy Estate.

Under § 541(a) of the Bankruptcy Code (the "Code"), the commencement of a bankruptcy case creates an estate. *Matter of Axona International Credit & Commerce, Ltd.* 88 B.R. 597 (Bankr. S.D.N.Y. 1988). The estate includes, among other things, all legal or equitable interests of the debtor in property, wherever located at the time of the commencement of the case. This provision includes all interests of the debtor in the estate, including causes of action. *See In re Wagoner*, 944 F.2d 114 (2d Cir. 1991). Thus, at the time of the filing of the Plaintiff's bankruptcy case, the plaintiff's lawsuit became property of the bankruptcy estate. 5 *Collier on Bankruptcy*, 541.08 at p. 541-44 (15th ed. 2003).

However, the fact that the property is part of the debtor's estate at the commencement of the case does not necessarily mean that the property will remain property of the estate. For example, a portion of the property may be deemed exempt or the Trustee may elect to 'abandon' the property As stated above, unless property of the estate is claimed as exempt or abandoned by the Trustee, all legal or equitable claims of the debtor inure to the new legal entity created upon the filing of the petition, separate and apart from the debtor herself. *See In re Bell & Beckwith*, 64 B.R. 144 (Bankr. N.D. Ohio 1986) (any cause of action which accrued as of the date

-3-

of the filing of bankruptcy petition is property of and may only be prosecuted by estate); *Lambert v. Fuller Co., Inc.* 122 B.R. 243 (Bankr. E.D.Pa. 1990) (causes of action arising prior to bankruptcy filing could only be prosecuted by Trustee).  As noted above, the Trustee will submit the settlement to the Bankruptcy Court for approval.  It is apparent that the Trustee has not abandoned the property, nor it is exempt, See Exhibit B, letter from Neal Ossen, dated April 16, 2003.

**B.  Plaintiff's Counsel Has Not Been Appointed By The Bankruptcy Court.**

Attorney Paul M. Ngobeni, Plaintiff's counsel in this action, has not been appointed by the Bankruptcy Court.  Attorney Paul M. Ngobeni has no authority to act for the Plaintiff in this matter.

Section 327 of the Code governs a Trustee's or debtor's retention of an attorney to represent or assist the Trustee in carrying out his/her duties. Section 327(a) of the Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure mandate that application of employment be filed with the court prior to performance of services by any professional sought to be employed by the Trustee. *See In re Drexel Burnham Lambert Group, Inc.*, 112 B.R. 584 (Bankr. S.D.N.Y. 1990).  Failure to obtain prior court approval may result in the denial of fees. *See  5 Collier on Bankruptcy,*

-4-

327.01 at p. 327-6 (15th ed. 2003).

Section 704 of the Code sets forth the duties of the Trustee. Generally,

the Trustee's role is to collect and liquidate the debtor's property in

satisfaction of the claims of creditors. 5 *Collier on Bankruptcy*, 704.01 at

p. 704-3 (15th ed. 2003). To that end, rights of action arising upon the

property of the estate pass to and may be asserted by the Trustee. <u>Any</u>

<u>unresolved cause of action belonging to the estate passes to the Chapter 7</u>

<u>Trustee, who has responsibility and authority to prosecute or settle it.</u>

*Ozark Restaurant Equipment Co. Inc.,* 816 F.2d 1222(8th Cir. 1987). In

his discretion, if the Trustee believes that a cause of action has value over

and above any exemption amount, the Trustee may elect to pursue and

undertake the expenses of the litigation. 5 *Collier on Bankruptcy*, 704.08

at p. 704-9 (15th ed. 2003). However, please note that the Trustee's rights

are no greater than those of the debtor. *In re Schauer*, 835 F.2d 1222 (8th

Cir. 1987).

Therefore, as the rights to the cause of action have been divested to the

Chapter 7 Trustee, if the Trustee feels that the cause of action is either not

exempt or has a value above the exemption limit, he may decide to

maintain the litigation.

-5-

In this case, the Trustee has maintained the litigation, and will seek approval of the settlement offer made by the Defendant.

## III.  CONCLUSION

Given the arguments stated above, the Defendant moves for a stay of the proceedings until the Bankruptcy Court has acted.

DEFENDANTS
METROPOLITAN DISTRICT COMMISSION, et al

BY _____
ANTHONY J. PALERMINO
Its Attorney
Law Offices of Anthony J. Palermino
945 Wethersfield Avenue
Hartford, Connecticut 06114
(860) 296-0035

-6-

## **CERTIFICATION**

**I HEREBY CERTIFY** that a copy of the foregoing was mailed, postage prepaid, on the 9th day of January, 2004 to Attorney Paul M. Ngobeni, 914 Main Street, Suite 206, East Hartford, CT 06108.


Anthony J. Palermino

EXHIBIT A

# LAW OFFICE OF
# ANTHONY J. PALERMINO, LLC

945 WETHERSFIELD AVENUE
HARTFORD, CT 06114-3137
TELEPHONE (860) 296-0035
FACSIMILE (860) 296-9468
E-MAIL: a.palermino.atty@snet.net

ANTHONY J. PALERMINO

GARY R. ATKINSON

December 24, 2003                              BY FACSIMILE

Neal Ossen
Ossen and Murphy
21 Oak Street, Suite 201
Hartford, CT 06106

**Re: Tammy Richardson vs. MDC**

Dear Attorney Ossen:

Please be advised that my client, Metropolitan District Commission, has authorized the offer of $100,000.00 to the Trustee in Bankruptcy in full settlement of the above captioned matter.

Sincerely,

Anthony J. Palermino

# OSSEN & MURPHY

### ATTORNEYS AT LAW

21 OAK STREET, SUITE 201, HARTFORD, CONNECTICUT 06106  •  (860) 728-6635  -  728-6

NEAL OSSEN
DONNA P. MURPHY

April 16, 2003

Anthony J. Palermino, Esq.
945 Wethersfield Avenue
Hartford, CT 06114

RE:  Tammy Richardson
Chapter 7/Case No. 01-20795-rlk
Tammy Richardson vs. MDC, et al
Docket No. 00-CV-1062 JCH

Dear Attorney Palermino:

I write in my capacity as the Chapter 7 Bankruptcy Trustee of the Estate of Tammy Richardson.  Enclosed is a copy of the Notice of Bankruptcy.  The debtor's lawsuit against the MDC et al is an asset of her bankruptcy estate.  As such, kindly contact me to discuss the possibility of settlement of the matter before I have an attorney appointed by the Bankruptcy Court in lieu of Attorney Ngobeni.

Very truly yours,

OSSEN & MURPHY

Neal Ossen

NO:tmg

cc:  Tammy Richardson, Debtor
Patrick T. Hulton, Esq.

TC to Neal 4/17/03