**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **TAMMY RICHARDSON** | ) | |
| **Plaintiff** | ) | **Civil Action No.** |
| **vs.** | ) | **3:00 CV 1062(JCH)** |
| **METROPOLITAN DISTRICT** | ) | |
| **COMMISSION, et al.** | ) | |
| **Defendant** | ) | |
| | ) | **JANUARY 21, 2004.** |

**PLAINTIFF'S MOTION TO JOIN THE NEIL OSSEN, BANKRUPTCY TRUSTEE OR HIS SUCCESSOR AS INVOLUNTARY CO-PLAINTIFF UNDER RULE 19**

Plaintiff, TAMMY RICHARDSON, hereby moves this Court to join the Bankruptcy

Trustee, Neil Ossen, or his successor, as a coplaintiff party to this case under Fed. R. Civ. Proc.

19. In support of her motion, she states the following:

1.      Plaintiff adamantly opposes a stay or any further delays in this case.  Inasmuch as

the recently proffered statement of monetary offer conveyed by the defendant MDC to Neil

Ossen demonstrates a clear opposition to the plaintiff's position and attempt to reduce all her

claims (including reinstatement, injunctive and and declaratory relief) to money only, plaintiff

moves that the Bankruptcy Trustee be joined as an involuntary co-plaintiff.  Joining the trustee

as co-plaintiff will compel him as an officer of this Court and the MDC, a governmental agency,

to act constitutionally in the present case and to avoid making "sweat-heart" deals behind

plaintiff and this Court's back.

2.      Given the facts detailed in plaintiff's Verified Motion For Joinder under Rule 17,

the trustee's actions are not only a clear violation of his fiduciary duties but they are also an

attempt to support the MDC, (a creditor in the bankruptcy case no less) and is potentially in

violation of the Fifth Amendment's Takings Clause since he is an arm of this Court in carrying

out his duties. See,  In re Beck Industries, Inc., 725 F.2d 880, 888 (2d Cir. 1984) (a trustee in

bankruptcy is an officer of the court that appoints him.).   The bankruptcy trustee has no

constitutional power to  abandon or ignore a hotly contested federal court lawsuit for three years

only to emerge on the eve of trial and purport to control the lawsuit and to settle it without even

filing an appearance or even conferring with the putative plaintiff.  As an officer of the Court, he

cannot abuse his powers in a manner calculated to undermine the right of private property, a right

that antedates the Constitution itself and is preserved inviolately in the Fifth Amendment.  The

reason that private property is at stake in the present case is that a legal claim constitutes private

property. Dames & Moore v. Regan, 453 I/S/ 654 (1981). The plaintiff  in this case has legal

claims for damages against the MDC, one of the creditors in her bankruptcy case.  The trustee

originally misvalued the lawsuit as an asset and abandoned it by not administering the asset or

managing the lawsuit as he was obligated to do.    Relying on the trustee's actions, plaintiff

employed her own resources and tenaciously pursued the lawsuit running the gauntlet of

repeated motions to dismiss and several motions for summary judgment filed by the equally

determined MDC.   Although the trustee opportunistically suggested to the parties off the record

that the plaintiff's claim against the MDC was "an asset" belonging to the bankrupt estate, he

never entered an appearance on the record in this Court and has adamantly refused to speak to

plaintiff and her counsel.    The trustee's actions in popping up on the eve of trial and purporting

to exercise authority over an asset he clearly abandoned smacks of bad faith, collusive dealings

with the defendant MDC which is also a creditor in plaintiff's bankruptcy case, and   gross

dereliction of duty by an arm of this Court and thus threaten to bring the administration of justice

into disrepute.

        3.     Federal courts are efficient, businesslike, fair but extremely deadline-oriented while

at the same time administering justice to those who seek it.   It would be incongruous for this

Court to maintain that a bankruptcy trustee who engages in a Rip-van-Winkle-like "litigation

strategy" may safely ignore a pending lawsuit for three years while the debtor devotes her meager

resources to battle a recalcitrant defendant who also happens to be her creditor.    This Court

cannot countenance a situation where the slumbering trustee emerge from his convenient

mountain hide-out or cave (not due to the sound of B-52 bombers dropping lethal bombs but

because he smells and sees the almighty dollar down in the valley) only to impede the business of

this Court through dilatory and self-serving motions filed by the defendants.   This Court's

sanctioning of that type of tactic would be devastating to the less than diligent litigants whose

cases are appropriately dismissed from the dormancy list with regularity for delays of a few

months in meeting deadlines or complying with Court orders.   Both the trustee and the

defendant MDC know that the defendant waived the very defenses they now seek to invoke on

the eleventh hour to delay the plaintiff's case.   *See, e.g., Allegheny Int'l, Inc. v. Allegheny Ludlum*

*Steel Corp.,* 40 F.3d 1416, 1431 (3d Cir. 1994) (real party in interest objection waived by failure

to raise prior to trial): *Wagner Furniture Interiors, Inc. v. Kenner's Georgetown Manor, Inc.,* 929

F.2d 343, 346 (7th Cir. 1991) (failure to plead objection to capacity is waiver); Gogolin & Stelter

v. Karn's Auto Imports, Inc., 886 F.2d 100, 102 (5th Cir.), cert. denied, 494 U.S. 1031, 110 S.Ct.

1480, 108 L.Ed.2d 617 (1990) (real party in interest objection waived by failure to raise prior to

trial); Hefley v. Jones, 687 F.2d 1383, 1388 (10th Cir. 1982) (real party in interest objection

waived unless pleaded as affirmative defense); Chicago & Northwestern Transp. Co. v. Negus

Sweenie, Inc., 549 F.2d 47, 50 (7th Cir. 1988) (same); Blau v. Lamb, 314 F.2d 618, 620 (2d Cir.),

cert. denied, 375 U.S. 813, 84 S.Ct. 44, 11 L.Ed.2d 49 (1963) (same); Fox v. McGrath, 152 F.2d

616, 618 (2d Cir. 1945), cert. *denied,* 327 U.S. 806, 66 S.Ct. 966, 90 L.Ed. 1030 (1946) (real

party in interest defense freely waivable); *5 CHARLES ALAN WRIGHT, ARTHUR R. MILLER,*

*FEDERAL PRACTICE AND PROCEDURE CIVIL* 2D §§ 1294-95 (failure specifically to deny

capacity to sue is waiver); 6A *id.* § 1554 (failure to raise real party in interest objection is

waiver).

       4.      Obviously, the corner that the defendant MDC and the trustee are painting

themselves into by their sideshow of settlement negotiations and purported settlement of a federal court suit by a non-party can later place the United States District Court which appointed the trustee in an enormously embarrassing position. But that is precisely what happens in the infrequent cases contemplated by Rule 19 where a person insists on siding with the defendant for self-defeating reasons and thus, in the interests of just adjudication, must be made an involuntary co-plaintiff.

5.      Even though plaintiff is not conceding that her lawsuit is at this moment an asset of the bankruptcy estate, the bankruptcy trustee should be joined to this case as an involuntary co-plaintiff in order to avoid a potential miscarriage of justice to the plaintiff. Doing so will incidentally assist the trustee from otherwise taking a position that could result in severe financial damage to the bankrupt estate. Ironically, it also saves the trustee from a potential winner lawsuit against the himself for gross dereliction of duty.      A review of a long line of case-law, (including U.S. Supreme Court) shows that there is no question that a trustee in bankruptcy may be held personally liable for breach of his fiduciary duties. Mosser v. Darrow, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951). Such liability may attach as the result of negligent, as well as knowing or intentional, breaches.  In re Cochise College Park, Inc., 703 F.2d 1339, 1357 (9th Cir. 1983); cf. Morrissey v. Curran, 650 F.2d 1267, 1282 (2d Cir. 1981). Although the Bankruptcy Code imposes specific duties on bankruptcy trustees, *see, e.g.,* 11 U.S.C. § 704, the Code does not explicitly make trustees liable for breach of those duties. The source of trustee liability lies in the Supreme Court's decision in Mosser v. Darrow, 341 U.S. 267, 272, 71 S.Ct. 680, 682, 95 L.Ed. 927 (1951), and its progeny. *Mosser* concerned a bankruptcy trustee's breach of his fiduciary duty of loyalty. The trustee in *Mosser* hired two employees to help administer the bankruptcy estate and expressly agreed that the employees could "continue to trade in securities of the debtors' subsidiaries." 341 U.S. at 269, 71 S.Ct. at 680. The Supreme Court concluded that the arrangement with the employees amounted to a "***willful and deliberate setting up of an***

***interest in employees adverse to that of the trust.***" <u>Id.</u> at 272, 71 S.Ct. at 682.  Because "[e]quity

tolerates in bankruptcy trustees no interest adverse to the trust," <u>id.</u> at 271, 71 S.Ct. at 682, the

Court held that the district court had not erred in surcharging the trustee (i.e., holding the trustee

personally liable) for the profits of his two employees, <u>see id.</u> at 269-70, 71 S.Ct. at 680-82.

*Mosser* did not directly address to what extent, if any, bankruptcy trustees are liable for negligent

breaches of their duties as trustee. The circuits have divided on this question but suffice it to say

that  in the Second Circuit, a trustee is liable *personally* for acts determined to be willful and

deliberate in violation of his duties and is also liable, in his official capacity, for acts of negligence.

<u>In re Gorski</u>, 766 F.2d 723, 727 (2d Cir. 1985), accord <u>*Sherr v. Winkler,*</u> 552 F.2d 1367, 1375

(10th Cir. 1977); accord Ford Motor Credit Co. v. Weaver, 680 F.2d 451, 461 (6th Cir. 1982);

see also In re Chicago Pac. Corp., 773 F.2d 909, 915 (7th Cir. 1985) (bankruptcy trustee's

personal liability for willful and deliberate violations of fiduciary duties). In addition, the Second

and Ninth Circuits have held that "[a]lthough a trustee is not liable in any manner for mistakes in

judgment where discretion is allowed, he is subject to personal liability for not only intentional

but also negligent violations of duties imposed upon him by law." <u>Hall v. Perry (In re Cochise</u>

<u>College Park, Inc.)</u>, 703 F.2d 1339, 1357 (9th Cir. 1983) (citations omitted); <u>In re Gorski</u>, 766

F.2d 723, 727 (2d Cir. 1985) <u>Red Carpet Corp. v. Miller</u>, 708 F.2d 1576, 1578 (11th Cir. 1983)

(per curiam) (noting that bankruptcy trustee is personally liable for negligence).

      6.      It is undeniable that a Chapter 7 trustee has the duty to preserve estate assets, 11

U.S.C. § 704(1); <u>Rife v. Ruble</u>, 107 F.2d 84 (6th Cir. 1939). Here the trustee has acted as if he is

the trustee for the benefit of one creditor (MDC) only and therefore owed no duty to the debtor,

Ms. Richardson or other creditors.  Whether a party has standing to sue depends on whether she

has suffered a loss peculiar to her, sufficient to give her a genuine personal interest in the

outcome. See S<u>imon v. Eastern Kentucky Welfare Rights Organization</u>, 426 U.S. 26, 96 S.Ct.

1917, 48 L.Ed.2d 450 (1976); Kay v. Austin, 621 F.2d 809 (6th Cir. 1980).  Clearly, the

Bankruptcy Code contemplates that only estate assets be collected and liquidated for payment of dividends to creditors; however, the trustee frequently takes possession of assets in which the debtor maintains a property right known as an "exemption". If the trustee sells an asset in which the debtor has claimed an exemption, the portion of the proceeds which are attributable to the exemption must first be paid to the debtor before any distribution may be made to unsecured creditors. In re Lambdin, 33 B.R. 11, 11 B.C.D. 103, 9 C.B.C.2d 673 (Bankr.M.D.Tenn. 1983). The theory is similar to satisfying a mortgage or other lien on the assets; the exemption is, for all intents and purposes, a lien or encumbrance for the benefit of the debtor. Thus, when an asset encumbered by an exemption is lost or destroyed, the debtor has suffered a loss peculiar to her. Moreover, one who is neither a creditor nor the debtor has been held to have standing to sue the trustee for his failure to preserve assets which, it turned out, were not estate property, but belonged to a stranger to the case. Rife v. Ruble, supra. Thus, a debtor has standing to sue. The other side of that same coin is that since the debtor is a person who foreseeably may be harmed by the trustee's negligent failure to preserve the assets of the estate, the trustee's duty to preserve those assets runs to the debtor as well as to creditors. Indeed, aside from his right to exempt property, a debtor has a right to receive a dividend from the liquidation of estate property if all prior classes have been paid. §726(a)(6). Although such an event is rare, it is not unheard of, especially where creditors fail to file their claims.   Accordingly, the trustee who by clear and convincing evidence in this case has sat on his purported rights while a litigation battle was raging between the parties may have severely undercut or undermined plaintiff's bargaining position and caused her irreparable injury.

     **WHEREFORE,** plaintiffs request that this Court order that the Bankruptcy trustee, Neil Ossen or his successor be joined as a co-plaintiff party to this case under Fed. R. Civ. Proc. 19.

PLAINTIFF


BY _____

Paul M. Ngobeni
Federal Bar No. Ct08187
**LAW OFFICES OF PAUL M. NGOBENI**
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone (860) 289-3155
Facsimile (860) 282-7479


**CERTIFICATION**


This is to certify that a copy of the foregoing was MAILED on January 21, 2004 to:

Attorney Anthony Palermino,
945 Wethersfield Ave.
Hartford, CT. 06114


_____
Paul M, Ngobeni