UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAMMY RICHARDSON )<br>　　Plaintiff　　　　　　　　　 )<br>　　vs.　　　　　　　　　　　　 )<br>METROPOLITAN DISTRICT　 )<br>COMMISSION, et al.　　　　　 )<br>　　Defendant　　　　　　　　 )<br>　　　　　　　　　　　　　　　 ) | Civil Action No.<br>3:00 CV 1062(JCH)<br><br>JANUARY 21, 2004. |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STAY PROCEEDINGS**

Plaintiff incorporates by reference the allegations in her motions for joinder (Rule 17 and Rule 19) filed with this Court. Furthermore, Rule 17(a) plainly permits a real party in interest to assign its rights, waive any interest that it may have in the outcome of the suit, and ratify the commencement of the suit by another. Rule 17 specifically requires that before an action can be dismissed at a defendant's behest, the court must allow a reasonable time for ratification by, or joinder of, the real party in interest.

Defendants waived the instant objection by not raising it at the earliest opportunity they had. Given that defendants are asserting that Ms. Richardson is not the real party in interest, see Fed.R.Civ.P. 17(a), failure to raise this defense before trial would clearly constitute waiver of the defense. As stated above, the defendant MDC was one of the creditors in the bankruptcy proceedings and was intimately familiar with all of the facts and circumstances involving plaintiff and he lawsuits. The MDC was the only creditor present at the April 30, 2001 creditor's meeting. On October 18, 2001, defendants filed "Defendants' Motion to Dismiss) without raising the failure to name the real party in interest objection. Thereafter, defendants filed the a series of Rule 12 Motions wherein they missed their opportunity to assert the said objection. The first time

defendants mentioned their objection was in the Trial Memorandum. Under well-settled authority MDC raised the issue in an untimely manner, and the issue is waived forever.

Rule 17(a) of the Federal Rules of Civil Procedure provides that "[e]very action shall be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a). See also <u>Rogers v. Samedan Oil Corp.</u>, 308 F.3d 477, 483 (5th Cir. 2002). However, Rule 17(a) also provides that:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest.

FED. R. CIV. P. 17(a). When faced with a Rule 17(a) objection for lack of standing, a district court must consider the less drastic alternatives of allowing an opportunity for ratification, joinder, or substitution under Rule 17(a). If granted by the Court substitution "shall have the same effect as if the action had been commenced in the name of the real party in interest." FED. R. CIV. P. 17(a).

Defendants waived the instant objection by not raising it at the earliest opportunity they had. Given that defendants are asserting that Ms. Richardson is not the real party in interest, see Fed.R.Civ.P. 17(a), failure to raise this defense before trial would clearly constitute waiver of the defense. See e.g., <u>United Healthcare Corp. v. Am. Trade Ins. Co.</u>, 88 F.3d 563, 569 (8th Cir. 1996) ("Because the requirements in Rule 17(a) are for the benefit of the defendant, we have held that an objection on real party in interest grounds should be raised with reasonable promptness in the trial court proceedings. If not raised in a timely or seasonable fashion, the general rule is that the objection is deemed waived.") (internal quotation marks omitted); <u>Whelan v. Abell</u>, 953 F.2d 663, 672 (D.C. Cir. 1992) ("[W]here a Rule 17 (a) defense is made, judges abuse their discretion in allowing the plea as late as the start of the trial if the real party has been prejudiced by the

defendant's laxness."); see also Gogolin & Stelter v. Karn's Auto Imports, Inc., 886 F.2d 100, 102 (5th Cir. 1989); K-B Trucking Co. v. Riss Int'l Corp., 763 F.2d 1148, 1153 n. 2 (10th Cir. 1985); Rosenblum v. Dingfelder, 111 F.2d 406, 407 (2d Cir. 1940).[1] Please note the defendants are confused about the nature of their objection which is more in the nature of lack of capacity rather than objection to plaintiff's standing.[2]

As stated above, the defendant MDC was one of the creditors in the bankruptcy proceedings and was intimately familiar with all of the facts and circumstances involving plaintiff and he lawsuits. The MDC was the only creditor present at the April 30, 2001 creditor's meeting. On October 18, 2001, defendants filed "Defendants' Motion to Dismiss) without raising the failure

---

[1] See, also, United HealthCare Corp. v. American Trade Ins. Co., 88 F.3d 563, 569 (8th Cir. 1996) (quoting Sun Refining & Marketing Co. v. Goldstein Oil Co., 801 F.2d 343, 345 (8th Cir. 1986)). In United HealthCare, the court found that an objection raised one week prior to trial was untimely. Other courts have routinely rejected untimely objections as having been waived. See, e.g., Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp., 40 F.3d 1416, 1431 (3rd Cir. 1994) (buyer of corporation waived right to require successor in interest of seller to be substituted as party plaintiff, by not raising objection until it made a motion for summary judgment at trial); Gogolin & Stelter v. Karn's Auto Imports Inc., 886 F.2d 100, 102-03 (5th Cir. 1989) (holding that defendant waived real party in interest defense by "untimely assertion," where defendant raised it for the first time in a motion for directed verdict); Hefley v. Jones, 687 F.2d 1383, 1388 (10th Cir. 1982) (objection raised sixteen days prior to trial was untimely). Wagner Furniture Interiors, Inc. v. Kenner's Georgetown Manor, Inc., 929 F.2d 343, 346 (7th Cir. 1991) (failure to plead objection to capacity is waiver); Gogolin & Stelter v. Karn's Auto Imports, Inc., 886 F.2d 100, 102 (5th Cir.), cert. denied, 494 U.S. 1031, 110 S.Ct. 1480, 108 L.Ed.2d 617 (1990) (real party in interest objection waived by failure to raise prior to trial); Hefley v. Jones, 687 F.2d 1383, 1388 (10th Cir. 1982) (real party in interest objection waived unless pleaded as affirmative defense); Chicago & Northwestern Transp. Co. v. Negus Sweenie, Inc., 549 F.2d 47, 50 (7th Cir. 1988) (same); Blau v. Lamb, 314 F.2d 618, 620 (2d Cir.), cert. denied, 375 U.S. 813, 84 S.Ct. 44, 11 L.Ed.2d 49 (1963) (same); Fox v. McGrath, 152 F.2d 616, 618 (2d Cir. 1945), cert. denied, 327 U.S. 806, 66 S.Ct. 966, 90 L.Ed. 1030 (1946) (real party in interest defense freely waivable); 5 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE CIVIL 2D §§ 1294-95 (failure specifically to deny capacity to sue is waiver); 6A id. § 1554 (failure to raise real party in interest objection is waiver).

[2] Since the objection is really to failure to name the real party in interest, rather than lack of standing, the savings provisions of Rule 17(a) apply. See Zurich Ins. Co. v. Logitrans Inc., 297 F.3d 528, 531 (6th Cir. 2002). Since the objection is really to lack of capacity under Rules 17(b) and 9(a), and therefore waivable, defendans cannot be allowed to couch it in misleading terms suggesting the objection is to lack of standing.

to name the real party in interest objection. Thereafter, defendants filed the following pleadings wherein they missed their opportunity to assert the said objection: November 20, 2001 (Defendants' Objection to Plaintiff's Opposition to Motion to Dismiss And Request to Deny Motion as Moot); November 21, 2001 (Defendant Jeffrey Johnson's Motion to Dismiss); March 8, 2002 (Defendants' Motion for Summary Judgment); April 9, 2002 (Defendants' Objection to Plaintiff's Motion for Partial Summary Judgment); May 20, 2002 ( Defendants' Objection to Plaintiff's Motion for Leave to File Motion for Summary Judgment Out of Time); June 3, 2002 (Defendants' Response to Second Amended Complaint) June 3, 2002 (Special Defenses of the Metropolitan District Commission and Jeffrey Johnson); June 3, 2003 (Defendants' Objection and Reply to Plaintiff's Response to Summary Judgment and Its Motion to Strike); and November 22, 2002 (Defendants' Motion for Summary Judgement). The first time defendants mentioned their objection was in the Trial Memorandum.    Under well-settled authority MDC raised the issue in an untimely manner, and the issue is waived.  Even if such a defense were not waived, the objection could be cured, short of dismissal, by ratification, joinder, or substitution of the real party in interest. See Fed.R.Civ.P. 17(a) discussion below.  Rule 17 specifically requires that before an action can be dismissed at a defendant's behest, the court must allow a reasonable time for ratification by, or joinder of, the real party in interest. Thus, the courts have consistently held that Rule 17 objections must be timely raised. Because the requirements in Rule 17(a) are for the benefit of the Defendant, courts have held that an objection on real party in interest grounds should be raised with reasonable promptness in the trial court proceedings. If not raised in a timely fashion, the general rule is that the objection is deemed waived.

For al of the foregoing reasons, plaintiff requests that this Court order that the Bankruptcy trustee, Neil Ossen or his successor be joined as a co-plaintiff party to this case under Fed. R. Civ.

Proc. 17. Given clear evidence that the real party in interest objection was waived, and other objection could be cured, short of stay or dismissal, by ratification, joinder, or substitution of the real party in interest, this Court must exercise its discretion to order the relief requested by plaintiff.

**PLAINTIFF**

Paul M. Ngobeni
Paul M. Ngobeni, ct08187
**LAW OFFICES OF PAUL M. NGOBENI**
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone (860) 289-3155
Facsimile (860) 282-7479

## CERTIFICATION

This is to certify that a copy of the foregoing **MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STAY PROCEEDINGS** was mailed first-class on January 21, 2004 to:

> ANTHONY PALERMINO
> 945 Wethersfield Ave.
> Hartford, CT. 06114

Paul M. Ngobeni