FILED

2004 JAN 26  P 12: 06

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAMMY D. RICHARDSON<br>PLAINTIFF | CIVIL ACTION NO.:<br>3:00CV1062JCH |
| vs. | At: Bridgeport |
| METROPOLITAN DISTRICT COMMISSION, et al<br>DEFENDANTS | January 23, 2004 |

### DEFENDANT'S MOTION FOR CLARIFICATION

The Defendant, Metropolitan District Commission, requests that the Court clarify its ruling on the Plaintiff's constructive discharge claims. The Court entered Summary Judgment for the Defendant on the Plaintiff's constructive discharge claim under the FMLA on August 2, 2002. The Court also confirmed its prior dismissal of the Plaintiff's constructive discharge claims under Title VII. See Court ruling at 13. The Court stated the following at page 28 of its ruling:

> Constructive discharge occurs where an employer intentionally creates working conditions so intolerable that a reasonable person would feel forced to resign. Chertkova v. Conn. Gen. Life Ins. Co., 92 F.3d 81, 89 (2d Cir. 1996). Most of the conduct that Richardson alleges as a basis for constructive discharge occurred four months before her resignation and was the subject of a then-pending CHRO complaint, filed on August 6, 1999. Richardson's last negative work experience before she resigned occurred on August 30, when MDC denied her step increment after the six-month probationary period expired. Richardson has not presented any evidence of misconduct or complaints of misconduct between August 30 and November 3, when Richardson requested and MDC granted medical leave.
> Because MDC continued to grant Richardson's requests for

-2-

medical leave, as evidenced in November 1999, even though she had exhausted the leave required under FMLA Richardson has no basis to argue that the alleged constructive discharge had a causal connection her use of FMLA leave. Further, Richardson worked for over two months with no complaints before she resigned. Therefore, there is no basis for a reasonable jury to find that she was constructively discharged as a result of her use of FMLA leave.

The Court specifically found that Richardson did not present any evidence of complaints of misconduct between August 30 and November 3, when Richardson was placed on medical leave. In addition, the Court found most of the conduct alleged by the Plaintiff occurred some four months before her resignation, and was the subject of a pending CHRO complaint, filed on August 6, 1999. Given these factual findings, the Defendant submits that the Plaintiff is barred from raising a constructive discharge claim under Section 1981 and Section 1983.

As a result of the prior ruling of the Court, the Defendant requests that the

-3-

Plaintiff be barred from raising any constructive discharge claims at trial.

                METROPOLITAN DISTRICT COMMISSION, et al

BY _____
ANTHONY J. PALERMINO
Their Attorney
Law Offices of Anthony J. Palermino, LLC
945 Wethersfield Avenue
Hartford, Connecticut 06114
(860) 296-0035
ct05651

### **CERTIFICATION**

**I HEREBY CERTIFY** that a copy of the foregoing was mailed, postage prepaid, on the 23rd day of January, 2004 to Attorney Paul M. Ngobeni, 914 Main Street, Suite 206, East Hartford, East Hartford, CT 06108.

_____
ANTHONY J. PALERMINO